IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACK ROUBINEK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.3:22-cv-1889 |
| | § | |
| PHH MORTGAGE, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(a), Defendant PHH Mortgage Corporation ("Defendant") files this notice of the removal of this action from the 68th Judicial District Court for Dallas County, Texas. Defendant submits this Notice in support of its removal. Removal is based on diversity jurisdiction. Defendant respectfully shows as follows:

## INTRODUCTION

1. On or about August 1, 2022, Plaintiff Jack Roubinek ("Plaintiff") filed suit under Cause No. DC-22-09312 in the 68th Judicial District Court for Dallas County, Texas and originally styled *Jack Roubinek v. PHH Mortgage* (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A.

2. The allegations in *Plaintiff's Original Petition* (the "Petition"). relate to a deed of trust and foreclosure proceedings on Plaintiff's real property and improvements located at located at 2126 Clearspring DR N, Irving, TX 75063 (the "Property"). (*See* Petition at p.2.) In the Amended Petition, Plaintiff alleges that Defendant is improperly proceeding with foreclosure and failed to provide him with proper notices of default and sale. (*See id*. at pp.2-3.) For these alleged wrongs, Plaintiff asserts causes of action for breach of contract request to declare the lien invalid. (*See id*.)

3. This Notice of Removal is timely in accordance with 28 U.S.C. Section 1446(b). Defendant has not been served or appeared in the State Court Action, and less than thirty (30) days have passed since Plaintiff filed the State Court Action, making the action removeable.

4. This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant to diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY

**A.     There is complete diversity.**

5. There is diversity jurisdiction in this Court because there is complete diversity of citizenship between the proper parties and more than $75,000 is in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

6. Plaintiff is a citizen of Texas. (*See*, *generally*, Amended Petition.)

7. Defendant is a corporation whose citizenship is determined by where it was incorporated and its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant was incorporated in New Jersey and its principal place of business is in Mount Laurel, New Jersey. Therefore, Defendant is a citizen of New Jersey for diversity purposes.

**B.     The amount in controversy exceeds $75,000.00.**

8. The amount in controversy exceeds the sum or value of $75,000.00. When a plaintiff does not allege in his state-court petition a specific amount of damages, to establish the amount-in-controversy requirement for diversity jurisdiction the removing defendant's notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* If the defendant's allegation of the amount in

controversy is then contested by the plaintiff, removal is proper "if the district court finds, by the preponderance of evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 553–54 (internal quotes removed).

10. In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, in those cases the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). In response to a foreclosure, when someone seeks to "enjoin[] a lender from transferring property and preserv[e] an individual's ownership interest, it is the property itself that is the object of litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (internal citation omitted).

11. Plaintiff seeks, *inter alia*, a declaration the notice of sale is invalid and, therefore, Defendant may not proceed with foreclosure. (*See* Petition.) As a result, Plaintiff put an amount in controversy equal to the value of the Property. The Dallas County Appraisal District values the Property at $859,740.00. (*See* Exhibits C, C-1.) For this reason alone, the amount-in-controversy requirement has been met.

12. In addition to damages, Plaintiff seeks attorney fees. (*See* Petition at Prayer). Attorney fees claimed under a contractual or statutory provision are included as part of the amount in controversy. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933)); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (holding attorney's fees authorized by statute

are considered in determining the amount in controversy); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864 (5th Cir. 2002) (though considering attorney's fees in a putative class action, to like effect). Similar cases have awarded attorneys' fees exceeding the jurisdictional minimum. *See, e.g., Moreno v. Kleberg First National Bank of Kingsville*, 105th District of Kleberg County, Texas (jury verdict included $570,000.00 in attorneys' fees against bank for fraud claims and threats of foreclosure relating to plaintiffs' home mortgage loan).

13. Defendants categorically deny that Plaintiff is entitled to an award of damages in any amount, but there can be no question that Plaintiff's Petition places an amount in controversy that exceeds $75,000.00. For the reasons stated above, there can be no dispute that Plaintiff seeks in excess of the minimum amount in controversy.

## VENUE

14. Venue for removal is proper in this district and division, the United States District Court for the Northern District of Texas, Dallas Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 68th Judicial District Court for Dallas County, Texas, the forum in which the removed action was pending.

## NOTICE

15. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 68th Judicial District Court for Dallas County, Texas.

16. The contents of Exhibit B constitute the entire file of Cause No. DC-22-09312 in the 68th Judicial District Court for Dallas County, Texas.

## CONCLUSION

For the reasons described above, Defendant PHH respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

        Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
     **MARK D. CRONENWETT**
     Attorney in Charge
     Texas Bar No. 00787303
     mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

### List of all Counsel of Record

For Plaintiff

Thomas C. Barron
Texas Bar No. 01821290
tbarron@barronlawfirm.com
Law Offices of Thomas C. Barron
P.O. Box 141323
Dallas, Texas 75214
Telephone: (214) 855-6631
Facsimile: (214) 855-6633


For Defendant

Mark D. Cronenwett
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

## INDEX OF DOCUMENTS ATTACHED

Exhibit A    Copy of the Docket Sheet for Cause No. DC-22-09312 in the 68th Judicial District Court for Dallas County, Texas;

Exhibit B    Pleadings in Cause No. DC-22-09312 in the 68th Judicial District Court for Dallas County, Texas;

    B-1    Plaintiff's Original Petition, August 1, 2022;

Exhibit C    Declaration of Mark D. Cronenwett; and

    C-1    Printout from the Dallas County, Texas Central Appraisal District website on August 24, 2022.

## CERTIFICATE OF SERVICE

  The undersigned certifies that on August 25, 2022, a true and correct copy of the foregoing document was delivered via regular U.S. mail to the counsel of record listed below:

Thomas C. Barron
Law Offices of Thomas C. Barron
P.O. Box 141323
Dallas, Texas 75214

              */s/ Mark D. Cronenwett*
              **MARK D. CRONENWETT**