IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACK ROUBINEK, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Civil No. 3:22-CV-1889-K |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
| | § | |
| Defendant/Counter- | § | |
| Plaintiff/Third-Party Plaintiff, | § | |
| | § | |
| PATRICIA ROUBINEK, | § | |
| | § | |
| Third-Party Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On May 7, 2024, the Court issued an order (Doc. No. 38) directing Plaintiff to show cause in writing why this action should not be dismissed for failure to prosecute in light of the report filed by Plaintiff's counsel Thomas C. Barron (the "Report") (Doc. No. 37). In the Report, Mr. Barron stated he had made diligent and extensive efforts to communicate with Plaintiff, but had been unable to do so for at least eight months. Doc. No. 37 at 1-2. Plaintiff timely filed a response (Doc. No. 39) to the show cause order and the Court granted Plaintiff, on his request (Defendant was unopposed to this request), one last extension of time to try to bring his loan current. Doc. No. 41. The Court ordered Plaintiff to file a report by June 28, 2024, notifying the Court whether he was successful and, if not, whether he is prepared to prosecute his claims. *Id.* The

Court explicitly warned Plaintiff that failure to file this report would be construed "as an admission that he did not cure his default and that he is unwilling to prosecute his claims" which would result in dismissal of "Plaintiff's claims with prejudice and without further notice." *Id.* Plaintiff did not file a report with the Court by the deadline and has not otherwise communicated with the Court.

"Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action based on the failure of the plaintiff to prosecute or to comply with any order of the court." *Beard v. Experian Information Sols., Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (citing FED. R. CIV. P. 41(b) and *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)). The court may dismiss *sua sponte* based on the plaintiff's failure to prosecute. *See Colle v. Brazos Cnty., Tex.*, 981 F.2d 237, 242-43 (5th Cir. 1993); *Lopez*, 570 F.2d at 544. The court's authority to do so "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985); *see Ford v. Sharp*, 758 F.2d 1018, 1021 (5th Cir. 1985) ("Whether or not to dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute is an inherent power of the court, to be exercised in the district court's discretion."). "Unless the dismissal order states otherwise," a dismissal under Rule 41(b) "operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

This case was originally filed in state court on August 1, 2022. *See* Doc. No. 1 at 1-1. In his state court petition, Plaintiff asserts he received from Defendant a defective

notice of default and improper notice of foreclosure sale and he seeks a declaration that Defendant's notice of foreclose sale of the subject property (the "Property") is invalid. *See* Doc. No. 1-1 at 7. Defendant removed this case to federal court on August 25, 2022. Doc. No. 1. In his Report, Mr. Barron revealed that he has not been able to communicate with Plaintiff about this matter since May 2023. Doc. No. 37. Beginning in June 2023, scheduling order deadlines have been continued multiple times on the parties' motions. *See* Doc. Nos. 19, 30 & 32. This case has effectively been stalled since at least June 2023. *See* Doc. No. 18 at 2. Further, it appears from the record that little progress has been made during this litigation.

The Court is very sympathetic to Plaintiff's health issues and understands that these issues are ongoing and have contributed to the delay. Nevertheless, Defendant has been prejudiced by the delay. Defendant seeks to foreclose on the Property because of Plaintiff's default on the loan payments (which Plaintiff admits in his show cause response). Defendant asserts that "prolonged closure of this case would severely prejudice Defendant's rights in the property." Doc. No. 40 at 1. The Court agrees.

The Court explicitly warned Plaintiff that his failure to file a report by June 28, 2024, would be construed "as an admission that . . . he is unwilling to prosecute his claims". Doc. No. 41; *see also* Doc. No. 39 (in his show cause response, Plaintiff stated that "the court could simply dismiss if it does not hear the matter has been resolved."). Plaintiff failed to file said report. There is a clear record of delay by Plaintiff and not his counsel, Plaintiff acknowledged that his claims were subject to dismissal for failure

to prosecute, and Defendant has been (and will continue to be) prejudiced by the delay. The Court does not, however, find that the delay was in any way intentional.

The Court has carefully considered the record in this case and the foregoing circumstances, particularly Plaintiff's ongoing health issues which resulted in the delay. The Court, in its discretion, **dismisses** Plaintiff's claims **without prejudice** for failure to prosecute pursuant to Rule 41(b). *See Colle*, 981 F.2d at 242-43 (court permitted to dismiss *sua sponte* for the failure to prosecute); *Boudwin*, 756 F.2d at 401 (court's authority to dismiss *sua sponte* "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.").

Defendant intends to pursue its counterclaim against Plaintiff and Third-Party Defendant Patricia Roubinek. Accordingly, the Clerk is DIRECTED to REOPEN this case.

**SO ORDERED.**

Signed July 24, 2024.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE